Justin W. Roberts, Esq.
Serena Green, Esq.
IBEW Local 1547
3333 Denali Street, Suite 200
Anchorage, AK 99503
(907) 272-6571
(907) 777-7255

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 1547, AFL-CIO,<br><br>Plaintiff,<br><br>vs.<br><br>ALASKA COMMUNICATION SYSTEMS HOLDINGS, INC.,<br><br>Defendant | **COMPLAINT TO COMPEL ARBITRATION**<br><br>Case No.: |

## STATEMENT OF THE CASE

This action is brought pursuant to Section 301 of the Labor Management Relations Act of 1947 (hereinafter the "LMRA"), 29 U.S.C. § 185, by Plaintiff, a labor organization representing employees of Defendant, to compel Defendant to

*International Brotherhood of Electrical Workers, Local 1547*
*vs. Alaska Communications Systems Holdings, Inc.*
Complaint to Compel Arbitration　　　　　　　　　　　　　　　　　　　Page 1

Case 3:19-cv-00160-SLG   Document 1   Filed 06/06/19   Page 1 of 8

arbitrate a dispute over the interpretation of the parties' collective bargaining agreement.

## JURISDICTION

1. This action is for a violation of a collective bargaining agreement between an employer and a labor organization representing employees in an industry affecting interstate commerce. This action arises under and jurisdiction is conferred on this Court by section 301 of the Labor Management Relations Act, as amended, 29 U.S.C. § 185(c), and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate within the District of Alaska under 28 U.S.C. § 1391 and 29 U.S.C. § 185(a) as both the Plaintiff and Defendant have principle offices in the state of Alaska, the Defendant's principle place of business is in Alaska, the collective bargaining agreement at issue was negotiated and signed in the state of Alaska, and the grievance involves employees of the Defendant located in Alaska as well as Oregon.

## PARTIES

3. Plaintiff, the International Brotherhood of Electrical Workers Local 1547, AFL-CIO (hereinafter "Local 1547" or "Union") is a labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and § 2(5) of the National Labor Relations Act (hereinafter the "NLRA") 29 U.S.C. § 152(5).

*International Brotherhood of Electrical Workers, Local 1547*
*vs. Alaska Communications Systems Holdings, Inc.*
Complaint to Compel Arbitration                                Page 2

Case 3:19-cv-00160-SLG   Document 1   Filed 06/06/19   Page 2 of 8

International Brotherhood of Electrical Workers
Local Union 1547
3333 Denali Street, Suite 200
Anchorage, Alaska 99503-4038
(907) 272-6571
(Fax) (907) 777-7255

International Brotherhood of Electrical Workers
Local Union 1547
3333 Denali Street, Suite 200
Anchorage, Alaska 99503-4038
(907) 272-6571
(Fax) (907) 777-7255

4. Plaintiff's principle office is located at 3333 Denali Street, Suite 200, Anchorage, Alaska 99503.

5. Plaintiff represents persons employed by the Defendant.

6. Defendant, Alaska Communications Systems Holdings, Inc., (hereinafter "Employer," "Company," "Alaska Communications" or "ACS") is a private corporation which provides telecommunications services and is an employer in an industry affecting commerce within the meaning of Sections 2(6) of the NLRA and 301 of the LMRA, 29 U.S.C. § 152(6) and 185.

7. Defendant's corporate headquarters are located at 600 Telephone Avenue, Anchorage, Alaska 99503.

8. Defendant's principle place of business is in Alaska.

## FACTS

### The Collective Bargaining Agreement

9. Local 1547 and ACS are parties to a collective bargaining agreement which is in effect from January 1, 2018, through December 31, 2023 (hereinafter the "CBA"). The CBA governs the terms and conditions of employment of a bargaining unit consisting of certain individuals employed by ACS. A true and correct copy of the CBA is attached hereto as Exhibit 1.

10. Section 1.9(B) of the collective bargaining agreement provides in relevant part that: "If the Company purchases or acquired the assets of an entity not signatory

*International Brotherhood of Electrical Workers, Local 1547*
*vs. Alaska Communications Systems Holdings, Inc.*
Complaint to Compel Arbitration    Page 3

International Brotherhood of Electrical Workers
Local Union 1547
3333 Denali Street, Suite 200
Anchorage, Alaska 99503-4038
(907) 272-6571
(Fax) (907) 777-7255

to the IBEW, or the Company creates an Alaskan subsidiary, or obtains controlling interest in an Alaska-based joint venture or other business, the Company agrees to extend voluntary recognition to the IBEW upon a showing of IBEW's majority support among any group of employees employed by such entities eligible for representation. Thereafter, such employees shall be integrated by the Parties into appropriate classifications covered by this Agreement. Voluntary recognition also will be granted if IBEW demonstrates majority support among any employees of the Company eligible for representation who are not currently in the Bargaining Unit." Exhibit 1 at 4.

11. The CBA provides that all contractual disputes must be submitted to binding arbitration. Exhibit 1 at 13-15.

12. Article IV of the CBA is entitled "Grievance and Arbitration Process." Exhibit 1 at 13.

13. Section 4.1 states, "The purpose of this procedure is to provide a means whereby complaints and grievances may be adjusted or resolved promptly and fairly." Exhibit 1 at 13.

14. Section 4.3 defines "grievances" as "disputes or differences arising during the term of this Agreement between the Company and the Union, or employees so represented, with respect to interpretation or application of any specific provision of this Agreement." Exhibit 1 at 13.

*International Brotherhood of Electrical Workers, Local 1547*
*vs. Alaska Communications Systems Holdings, Inc.*
Complaint to Compel Arbitration　　　　　　　　　　　　　　　　　　　　　　　Page 4

15. Section 4.3(C) provides that, "[i]f the grievance is not resolved by the GRC, the grievance may be appealed to arbitration provided written notice of such appeal is given to the Vice President of Human Resources within ten working days following meeting of the GRC." Exhibit 1 at 14.

16. Section 4.4 is entitled "Arbitration" and provides the process by which the parties are to select the arbitrator. Exhibit 1 at 15.

17. Section 4.4(C) states, "The parties agree that the decision or award of the arbitrator shall be final and binding on each of the parties and that they will abide thereby, subject to such laws, rules and regulations as may be applicable." Exhibit 1 at 15.

### Grievance ACS 19-02

18. On December 18, 2018, Ronald K. Hook, Regional Director of Region 19 of the National Labor Relations Board issued a ruling in case 19-RC-226955, in which he held that "[t]he following employees of the Employer constitute an appropriate voting group for the purpose of collective bargaining as part of the existing Alaska Unit described below within the meaning of Section 9(b) of the Act:

> Voting Group
>
> All full-time and regular part-time Network Operations Specialists, Senior Network Operations Specialists, Senior Team Leads, and Senior Administrative Assistants employed by Alaska Communications Systems Holdings, Inc. in its Cable Systems Group at its facilities throughout the State of Oregon and the Diamond D facility in Alaska; but excluding all Cable

International Brotherhood of Electrical Workers
Local Union 1547
3333 Denali Street, Suite 200
Anchorage, Alaska 99503-4038
(907) 272-6571
(Fax) (907) 777-7255

*International Brotherhood of Electrical Workers, Local 1547*
*vs. Alaska Communications Systems Holdings, Inc.*
Complaint to Compel Arbitration                                          Page 5

Case 3:19-cv-00160-SLG   Document 1   Filed 06/06/19   Page 5 of 8

Network Operations Supervisors and guards and supervisors as defined in the Act. Exhibit 2 at 32.

19. On January 28, 2019, the Union requested voluntary recognition of this group of employees under Section 1.9(B) of the collective bargaining agreement and attached its demonstration of majority support. Exhibit 3.

20. On January 29, 2019, Alaska Communications refused to grant voluntary recognition. Exhibit 3.

21. On February 7, 2019, the Union filed a grievance under Sections 1.9 and 5.7 of the collective bargaining agreement, hereinafter referred to as "grievance ACS 19-02." Exhibit 4.

22. On April 10, 2019, after proceeding through the grievance steps in the grievance procedure, the Union provided notice to Alaska Communications that it was submitting the grievance to arbitration. Exhibit 5.

23. On April 17, 2019, Alaska Communications stated that "the Company respectfully declines your offer to refer this matter to an arbitrator." Exhibit 6.

24. On May 17, 2019, counsel for Alaska Communications stated that "Alaska Communications will not arbitrate this issue." Exhibit 7.

25. On May 20, 2019, the Union notified Alaska Communications that, if it did not agree to arbitrate grievance ACS 19-02 by close of business on Friday, May 24, the union would file a suit to compel arbitration in federal court and would seek full costs and attorney fees. Exhibit 8.

*International Brotherhood of Electrical Workers, Local 1547*
*vs. Alaska Communications Systems Holdings, Inc.*
Complaint to Compel Arbitration
Page 6

International Brotherhood of Electrical Workers
Local Union 1547
3333 Denali Street, Suite 200
Anchorage, Alaska 99503-4038
(907) 272-6571
(Fax) (907) 777-7255

## CLAIM FOR RELIEF

26. The Union realleges paragraphs 1 through 25 above.

27. Alaska Communications has violated the collective bargaining agreement by refusing to advance grievance ACS 19-02 to arbitration. This constitutes a violation of Section 301 of the LMRA, 29 U.S.C. § 185.

28. Sections 4.1 and 4.3 of the collective bargaining agreement provide that all disputes "with respect to interpretation or application of any specific provision of this Agreement" must be submitted to arbitration.

29. Whether the Union's interpretation of sections 1.9 and 5.7 of the collective bargaining agreement is correct can only be resolved through the dispute resolution procedure including arbitration, a procedure to which Alaska Communications is contractually bound.

30. Any procedural arbitrability issues, including arguments regarding the timeliness of the grievance, should be resolved the arbitrator.

## PRAYER FOR RELIEF

31. Assume jurisdiction in this case.

32. Order Alaska Communications to select an arbitrator without delay and arbitrate grievance ACS 19-02 as provided in Article IV of the collective bargaining agreement.

*International Brotherhood of Electrical Workers, Local 1547*
*vs. Alaska Communications Systems Holdings, Inc.*
Complaint to Compel Arbitration                                      Page 7

International Brotherhood of Electrical Workers
Local Union 1547
3333 Denali Street, Suite 200
Anchorage, Alaska 99503-4038
(907) 272-6571
(Fax) (907) 777-7255

33. Award the Union reasonable attorney's fees, all expenses and costs incurred in bringing this action.

34. Such further relief as may be just and proper.

Respectfully submitted this 5th day of June, 2019.

_____
Justin Roberts, Esq.
Alaska Bar No. 0605023

International Brotherhood of Electrical Workers, Local 1547
vs. Alaska Communications Systems Holdings, Inc.
Complaint to Compel Arbitration

Page 8

Case 3:19-cv-00160-SLG   Document 1   Filed 06/06/19   Page 8 of 8

International Brotherhood of Electrical Workers
Local Union 1547
3333 Denali Street, Suite 200
Anchorage, Alaska 99503-4038
(907) 272-6571
(Fax) (907) 777-7255