# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 1547, AFL-CIO,<br><br>             Plaintiff,<br><br>       v.<br><br>ALASKA COMMUNICATIONS SYSTEMS HOLDINGS, INC.,<br><br>             Defendant. | Case No. 3:19-cv-00160-SLG |

## ORDER RE MOTION FOR RECONSIDERATION

Before the Court at Docket 26 is Defendant Alaska Communications Systems Holdings, Inc.'s ("Alaska Communications") Motion for Reconsideration. At the Court's request, Plaintiff International Brotherhood of Electrical Workers, Local Union No. 1547 ("IBEW 1547") responded in opposition at Docket 28.[1] The Court did not request a reply from Alaska Communications.

On December 11, 2019, this Court granted IBEW 1547's motion for summary judgment and ordered Alaska Communications to select an arbitrator within seven days.[2] The Court entered a final judgment the following day.[3] Alaska

---

[1] *See* Local Civil Rule 7.3(h).

[2] Docket 24.

[3] Docket 25.

Communications now asks this Court to reconsider and amend its order to change the seven-day deadline to a 40-day deadline.[4] Alaska Communications contends that the Court made an "inadvertent error of law because it [did] not take into account relevant appeal deadlines" and the seven-day deadline "conflicts with and comprises [Alaska Communications'] right to appeal the Order" within 30 days.[5] Alaska Communications adds that IBEW 1547 did not request the seven-day deadline and asked only for an order to select an arbitrator "without delay."[6] Alaska Communications maintains that complying with the seven-day deadline will have inequitable consequences. Specifically, Alaska Communications is concerned, first, that its compliance with the Court's order will be construed as a waiver of its right to appeal and, second, that it will incur unnecessary fees and costs in selecting an arbitrator.[7]

IBEW 1547 disagrees, emphasizing that Alaska Communications' position assumes that it has a right to a stay pending appeal.[8] IBEW 1547 maintains that a stay of injunctive relief pending appeal is not as of right, but is a matter of discretion to be evaluated by considering the likelihood of success on the merits,

---

[4] Docket 26 at 2.

[5] Docket 26 at 2. Alaska Communications' deadline to appeal is January 13, 2020. Docket 26 at 3.

[6] Docket 26 at 4.

[7] Docket 26 at 4–5.

[8] Docket 28 at 2.

Case No. 3:19-cv-00160-SLG, *Int'l Brotherhood of Elec. Workers v. Alaska Comm. Sys. Holdings, Inc.*
Order re Motion for Reconsideration
Page 2 of 5

the likelihood of irreparable harm, the balance of equities, and the public interest.[9] IBEW 1547 contends that Alaska Communications cannot satisfy this standard; it predicts that Alaska Communications will not succeed on the merits and maintains that the balance of hardships are in IBEW 1547's favor as the dispute has been ongoing for a year and the delay has a "direct and ongoing impact on the [relevant] employees" as they are denied certain wages and other benefits.[10]

## LEGAL STANDARD

The district court's local rule provides that a motion for reconsideration of an order granting a dispositive motion must be filed pursuant to Fed. R. Civ. P. 59 or 60.[11]

Rule 59(e) allows a party to seek an order altering or amending the judgment.[12] The Ninth Circuit has stated that "there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such a motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable

---

[9] Docket 28 at 2.

[10] Docket 28 at 4.

[11] *See* Local Civil Rule 7.3(h)(5).

[12] Fed. R. Civ. P. 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of a judgment."

Case No. 3:19-cv-00160-SLG, *Int'l Brotherhood of Elec. Workers v. Alaska Comm. Sys. Holdings, Inc.*
Order re Motion for Reconsideration
Page 3 of 5

evidence; (3) if such a motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law."[13]

Rule 60(b) provides that:

> the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

## DISCUSSION

Alaska Communications moves for the Court to amend its order on the grounds that it contains an "inadvertent error of law because it [did] not take into account relevant appeal deadlines."[14] The Court agrees and will grant Alaska Communications' request to amend the seven-day deadline. A short extension of the Court's order will alleviate Alaska Communications' concerns about inadvertent waiver and unnecessary costs and will not unduly prejudice IBEW 1547.[15]

---

[13] *Allstate Inc. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

[14] Docket 26 at 4.

[15] Because Alaska Communications has not moved to stay the Court's order pending appeal, the Court need not address IBEW 1547's arguments on that issue.

Case No. 3:19-cv-00160-SLG, *Int'l Brotherhood of Elec. Workers v. Alaska Comm. Sys. Holdings, Inc.*
Order re Motion for Reconsideration
Page 4 of 5

## CONCLUSION

In light of the foregoing, IT IS ORDERED as follows: Alaska Communications' Motion for Reconsideration at Docket 26 is GRANTED. Alaska Communications must select an arbitrator for grievance ACS 19-02 pursuant to the terms set out in Article IV of the CBA within **seven days** following the deadline to appeal this Court's order at Docket 24 and the resultant Final Judgment at Docket 25.

DATED this 31st day of December, 2019 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:19-cv-00160-SLG, *Int'l Brotherhood of Elec. Workers v. Alaska Comm. Sys. Holdings, Inc.*
Order re Motion for Reconsideration
Page 5 of 5